IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCIS TEJANI KUNDRA, | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | No.  3:06-CV-684-B |
| | § | ECF |
| DALLAS COUNTY JAIL, DALLAS | § | |
| COUNTY, DALLAS COUNTY | § | |
| JAIL CAPTAIN, and DALLAS | § | |
| COUNTY SHERIFF, | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is an action brought pursuant to 42 U.S.C. § 1983 by Francis Tejani Kundra ("Plaintiff"), formerly an inmate in the Dallas Court Jail, for violation of his civil rights by the Dallas County Jail, Dallas County, the Dallas County Jail Captain ("Jail Captain"), and the Sheriff of Dallas County ("Sheriff"). Dallas County and the Sheriff ("Defendants") seek dismissal pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim. The District Court referred "Defendants' Second Motion to Dismiss," filed February 13, 2007, to the United States Magistrate Judge. Plaintiff filed a response to the motion on February 26, 2007.

**Standard of Review on a Motion to Dismiss**

A motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6) is viewed with disfavor and is rarely granted. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). In reviewing a Rule

12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the face of the pleadings. *Baker*, 75 F.3d at 196; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Dismissal is warranted if a plaintiff has (1) been given the opportunity to plead his best case, (2) made specific and detailed allegations constituting his best case, and (3) still fails to state a claim. *See Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986)(recognizing that dismissal is required if a plaintiff has had fair opportunity to make his case, but has failed); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985) (assuming that the specific allegations of the amended complaint constitute the plaintiff's best case).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe his allegations liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75.

### Plaintiff's Factual Allegations

In Plaintiff's amended complaint, filed January 16, 2007, Plaintiff alleges the following facts:[1] Plaintiff was arrested and booked in the Dallas County Jail on June 25, 2004, and on June

---

[1] (Compl. 7-9.)

29, 2004, Plaintiff was given a skin test for tuberculosis ("TB"). Three days later, the test was read by a nurse and certified as negative. Plaintiff was placed in a cell with seven other inmates, one of whom appeared to Plaintiff to be extremely ill. The sick inmate was coughing up blood. Plaintiff cried out to the guards working that area who told Plaintiff to "shut up" and said that "he should not have broken the law." When Plaintiff told a nurse about this and showed her the blood stains in the area, she was only concerned with her list of which inmates were to be treated. She ignored Plaintiff. Plaintiff alleges that the sick inmate put in several sick calls which were never answered. Plaintiff alleges that Dallas County failed to test all inmates for TB when they were first incarcerated and that the nurse told him that while she wanted to help the inmates from being cruelly exposed to TB, she could not go against the policies of the Jail Captain and the Sheriff.

When Plaintiff was transferred to the TDCJ-CID, he learned that he had contracted TB while he was in the Dallas County Jail. Plaintiff was treated for TB in TDCJ-CID from November 10, 2004, through August 10, 2005. Plaintiff alleges that he was extremely ill and suffered great pain.

## Dallas County Jail

Defendants seek dismissal of the Dallas County Jail on the grounds that the jail is not a jural entity. A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313-14 (5th Cir. 1991). Unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself. *Darby*, 939 F.2d at 313. Plaintiff has failed to show that Dallas County has granted the Dallas County Jail the capacity to sue or be sued. His suit seeks relief from an entity which does not exist for such purposes. *Id.* at 314.

Thus, Plaintiff has failed to state a claim upon which relief can be granted, and his complaint against the Dallas County Jail is subject to dismissal. Ordinarily, a pro se plaintiff who names a non-jural entity as defendant should be alerted and should be given an opportunity to amend before dismissal of his complaint. *See Parker v. Fort Worth Police Dept.*, 980 F.2d 1023, 1026 (5th Cir. 1993). Plaintiff was given this opportunity, and he filed an Amended Complaint on February 22, 2007. However, Plaintiff again named the Dallas County Jail as a defendant. Accordingly, the Court finds that Dallas County Jail, a nonjural entity which may not be sued, should be dismissed with prejudice.

## Statute of Limitations

Defendants seek dismissal of Plaintiff's civil rights and state law claims based upon the statute of limitations. Congress has not provided a statute of limitations for civil rights actions brought under § 1983; therefore, federal courts adopt the forum state's general personal injury limitation period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995). In Texas, the pertinent limitation period is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Piotrowski*, 51 F.3d at 514 n.5.

Although state law determines the applicable limitation period for a civil rights claim, the claim accrues in accordance with federal law. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Id*. For the cause of action to accrue, a plaintiff must first have suffered an injury supporting the maintenance of a suit to enforce his claim. *Dore v. Kleppe*, 522 F.2d 1369, 1373 (5th Cir. 1975); *United States v. One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353, 1358 (5th Cir. 1972). Thus the question in this case is when Plaintiff knew he had suffered a recompensable injury. Plaintiff filed this action on November 1, 2006. Plaintiff claims

he was treated for TB from November 11, 2004 (after he was transferred to TDCJ-CID and had a positive TB skin test) until August 10, 2005.

FED. R. CIV. P. 8(c) characterizes the expiration of the statute of limitations as an affirmative defense. The burden of proof is therefore on Defendants to plead such defense affirmatively and to establish it by proof. The Court cannot determine from the face of the pleadings when Plaintiff knew or should have known that he had suffered a reconpensable injury. Defendants have not met their burden to show that the case should be dismissed on the pleadings based upon the statute of limitations.

Additionally, the Court granted Plaintiff leave to file an amended complaint to name a jural entity in place of the Dallas County Jail and extended Plaintiff's deadlines for filing the amended complaint. Plaintiff subsequently named the Sheriff and the Jail Captain. Construing Plaintiff's pleadings liberally, the Court's actions in permitting amendments and the addition of parties may have stayed the statute of limitations from November 1, 2006, the date the Complaint was filed until February 16, 2007, the date the Amended Complaint was filed, or the Amended Complaint may relate back to the filing of the Complaint. The time bar is not clear from the face of the pleadings. At this stage of the litigation, Defendants have not shown that, taking the facts most favorably to Plaintiff, he can prove no set of facts in support of his claims against Defendants because the claims are barred by the statute of limitations.

## Exhaustion

Defendants also seek dismissal for Plaintiff's failure to exhaust his administrative remedies. The Court is confused by Defendants' position with respect to exhaustion. On the one hand, Defendants state that "Defendants agree that Plaintiff could not have grieved the claims now made

the basis of this suit while he was still in the Dallas County Jail (because he did not learn he had contracted TB until after he left the Dallas County Jail)." On the other hand, Defendants state that "the fact that Plaintiff was a prisoner at an institution other than the Jail does not excuse his non-compliance with the [Prison Litigation Reform Act's ("PLRA")] requirement that he file a grievance and exhaust the grievance appeals process." An inmate's failure to exhaust under PLRA is affirmative defense. *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). An inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Id*. Moreover, the PLRA requires prisoners to exhaust *available* administrative procedures. Defendants have not shown that the face of the complaint requires dismissal for failure to exhaust available administrative remedies. Therefore, Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies should denied without prejudice.

## Failure to State a Claim

### All Claims Against the Sheriff and the Section 1983 Claims Against Dallas County

Defendants contend that all the claims against the Sheriff should be dismissed because Plaintiff has failed to allege the Sheriff's personal involvement and that his claims against Dallas County should be dismissed because he has failed properly to allege the elements of a § 1983 claim based upon a custom or policy.[2]

Plaintiff's § 1983 claims against Defendants involve his contraction of TB while he was an inmate in the Dallas County Jail. TB is a chronic communicable disease that can appear in any

---

[2] Defendants also seek dismissal of Plaintiff's pendant state law claims on the ground that Plaintiff's failure to state an independent federal claim prevents the court from exercising pendant jurisdiction over the state law claims. The Court need not reach this issue because the Court finds that Plaintiff states an independent federal claim.

organ of the human body, but which generally affects the lungs. Dorland's Illustrated Medical Dictionary (29th ed. 2000) at 1891.

> [Tuberculosis] is transmitted by the tubercle bacilli that are present in the lungs of infected individuals and are expelled by talking, coughing or sneezing. Tuberculosis exists in both dormant and active stages. During the dormant stage, the individual is not infectious and exhibits no symptoms. Only a few infected individuals develop active tuberculosis. With proper treatment-daily dosages of the antibiotic isoniazid (INH) for nine to twelve months-an infected person probably will never develop active tuberculosis. If the infection becomes active and established in the lungs, however, the individual becomes infectious. Active cases of tuberculosis are treated with INH and other antibiotics and must be isolated until no longer infectious-generally one to two weeks after treatment begins. Tuberculosis can spread to other individuals who share air for prolonged periods with an individual infected with an active case of pulmonary tuberculosis.
>
> Prisons are high risk environments for tuberculosis infection. Thus, screening and control measures are necessary to prevent outbreaks.

*DeGidio v. Pung*, 920 F.2d 525, 527 (8th Cir. 1990) (footnote omitted). Conditions of confinement can, in some cases, involve the unnecessary and wanton infliction of pain and thus rise to the level of cruel and unusual punishment under the Eighth Amendment. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). In a case that was similar to Plaintiff's, two inmates of a prison alleged that their cell block was overcrowded, had inadequate ventilation and lighting, and was dirty and insect infested. *Gillespie v. Crawford*, 833 F.2d 47, 50 (5th Cir. 1987), *vacated on other grounds*, 858 F.2d 1101 (5th Cir. 1988). They further maintained that they "repeatedly complained" about these conditions but with no results. They alleged that as a result of these conditions, they contracted TB. *Id*. The district court dismissed the case as frivolous, but the Fifth Circuit Court of Appeals held that the allegations were sufficient to state a claim for damages under § 1983. *Id.* At the time *Gillespie* was decided, the focus of the parties and the court was on the objective conditions of confinement in the

7

county's jails.³ *See Rhodes,* 452 U.S. 347; *Hutto v. Finney,* 437 U.S. 678, 685 (1978). The *Gillespie* court held that "the Court has not made intent an element of a cause of action alleging unconstitutional conditions of confinement." *Gillespie,* 833 F.2d at 50 (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). Correcting *Gillespie's* notion that the subjective prong was not applicable and clarifying the elements necessary for claims of unconstitutional conditions of confinement, the United States Supreme Court held that prison conditions rise to the level of cruel and unusual punishment only when they are a product of state indifference. *Wilson v. Seiter,* 501 U.S. 294, 303-04 (1991). The "deliberate indifference" standard articulated in *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), applies whether the treatment received by the prisoner is an "inhumane condition[] of confinement, failure to attend to his medical need, or a combination of both." *Wilson*, 501 U.S. at 303-04. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994); *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir.1994) (applying *Farmer* to medical claims). Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a § 1983 cause of action. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991).

Plaintiff alleges that the Court has jurisdiction under 42 U.S.C. § 1983 and that § 1983 prohibits prison officials from depriving inmates of their constitutional rights. Plaintiff states he will

---

³ "Long term, unreasonably high exposure of an inmate to a serious communicable disease, which society would consider violative of contemporary standards of decency, satisfies the objective component of an Eighth Amendment claim." *Metheney v. Anderson*, 953 F. Supp. 854, 859 (N.D. Ohio 1996) (citing *Wright v. Baker*, 849 F. Supp. 569, 575 (N.D. Ohio 1994); *Karlovetz v. Baker,* 872 F. Supp. 465, 468 (N.D. Ohio 1994); *McKinney v. Anderson,* 959 F.2d 853, 854 (9th Cir. 1992)).

show that a policy of the Sheriff and Dallas County created an unreasonably dangerous condition and allowed it to persist without timely correction after they knew or had reason to know that the condition would cause harm. Plaintiff alleges that: (1) Defendants had a policy of not screening for TB all inmates admitted into the Dallas County Jail; (2) Defendants housed in the same cell both TB- free inmates and TB-infected inmates; (3) Defendants housed Plaintiff with an inmate who had active TB and refused Plaintiff's request for transfer to another cell; and (4) Defendants' policy resulted in his contracting TB and suffering damages.

Courts have allowed similar cases to survive a nascent stage of the litigation even under the more onerous Eighth Amendment scrutiny as clarified in *Wilson*. *See Helling v. McKinney,* 509 U.S. 25, 35 (1993) (exposure to environmental tobacco smoke may give rise to a claim of deliberate indifference); *see also McCormick v. Stalder,* 105 F.3d 1059, 1062 n.2 (5th Cir.1997) ("Prison officials face potential liability for failure to take adequate steps to control the spread of tuberculosis") (citing *Plummer v. United States*, 580 F.2d 72, 76-77 (3d Cir. 1978); *DeGidio*, 920 F.2d at 528). Taking the allegations in this action most favorably to Plaintiff, they do not lack an arguable basis in law or fact, even under the "deliberate indifference" standard articulated in *Estelle*, 429 U.S. at 106. The Court is unable to conclude that it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley*, 355 U.S. at 45-46. Accordingly, Defendants' motion that all claims against the Sheriff and the § 1983 claims against Dallas County be dismissed with prejudice should be denied.

### The Section 1981 and 1985 Claims Against Defendants

Defendants seek dismissal of Plaintiff's §§ 1981 and 1985 claims against Defendants. "To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1)

9

the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute [e.g., enforcement of a contract]." *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir.1994). Examining Plaintiff's complaint in light of this standard, Plaintiff fails to allege that he is a member of a racial minority, fails to allege Defendants intended to discriminate against him on the basis of race, and fails to allege that the discrimination occurred in relation to the enumerated activities. Accordingly, Plaintiff fails to state a claim under § 1981.

> The elements necessary to state a cause of action under 42 U.S.C. § 1985 are:
>
> (1) a conspiracy by the defendants, (2) with a purpose of depriving the plaintiff of equal protection of the laws or equal privileges and immunities under the law, (3) a purposeful intent to discriminate, (4) action by the defendants under color of state law or authority, and (5) injury to the person or property of the plaintiff or his deprivation of a right or privilege as a citizen of the United States resulting from actions in furtherance of the conspiracy.

*Granville v. Hunt*, 411 F.2d 9, 11 (5th Cir. 1969) (quoting *Huey v. Barloga*, 277 F. Supp. 864, 868 (N.D. Ill. 1967)). Plaintiff has failed to allege any of the required elements. Accordingly, to the extent Plaintiff is attempting to plead claims under § 1985 against Defendants, those claims should be dismissed. In sum, Plaintiff fails to state a claim pursuant to 42 U.S.C. § 1981 or § 1985.

### **Recommendation**

The Court recommends that Defendants' Second Motion to Dismiss be **granted in part and denied in part**. The District Court should dismiss with prejudice the Dallas County Jail which is a nonjural entitity and order the Clerk to terminate the Dallas County Jail as a Defendant. The District Court should dismiss with prejudice Plaintiff's claims pursuant to 42 U.S.C. §§ 1981 and

10

1985. The Court should deny Defendants' Motion to Dismiss in all other respects.

Signed, March 19, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).