UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCIS TEJANI KUNDRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 06-CV-0684-B |
| | § | ECF |
| DALLAS COUNTY JAIL, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

On December 10, 2007, the United States Magistrate Judge filed Findings, Conclusions, and Recommendations (doc. 101): (1) denying the Defendant's Motion for Summary Judgment to the extent that it is based upon Plaintiff's failure to exhaust administrative remedies; (2) overruling the Defendant's and Plaintiff's objections to the summary judgment record; (3) denying Defendant's Motion for Summary Judgment on Plaintiff's Eighth Amendment claims; (4) denying without prejudice the Defendant's Motion for Summary Judgment on the ground that the state law negligence claim is barred by the statute of limitations; and (5) and denying Defendant's Motion for Summary Judgment on Plaintiff's state law negligence claim. After making an independent review of the pleadings, files and records in this case, and the Findings, Conclusions and Recommendation of the United States Magistrate Judge, the Court finds that the findings and conclusions of the Magistrate Judge are correct except for the finding with respect to the state law negligence claim. The Magistrate Judge's findings and conclusions with respect to issues (1)-(3) above **ARE ADOPTED** as the findings and conclusions of the Court. For the reasons that follow, the Court

**DECLINES to ADOPT** the findings and conclusions of the Magistrate Judge with respect to the Plaintiff's state law negligence claim.

In its motion for summary judgment, Defendant Dallas County ("the County") claimed that it could not be liable under Texas law for negligence because it had not waived its immunity. (Defs.' Br. 28). In general, a Texas governmental unit is immune from tort liability unless the legislature has waived immunity. *Forgan v. Howard County*, 494 F.3d 518, 520 (5th Cir. 2007)[1] (citing *Texas Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 586-87 (Tex. 2001)). The Texas Tort Claim Act ("TTCA") provides for a limited waiver of this immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2). The Fifth Circuit has explained this waiver provision of the TTCA:

> The best reading of the Texas Supreme Court cases is that waiver occurs if death or injury results from (1) the direct use of property by a state actor, or (2) a defective condition of state-issued property, even if actively employed by a third-party at the time of injury.

*Forgan*, 494 F.3d at 521.

Plaintiff Kundra claims that the "County's negligence (as well as its gross negligence) constituted both a use and a condition of property that caused Kundra's exposure to tuberculosis ('TB')." (Pl.'s Opp'n to Def.'s Objections 5). With regard to *condition* of property, Kundra contends

---

[1] Kundra's argument that state law governmental immunity should not apply to the County in federal court is not well-taken because, as Kundra concedes, the Fifth Circuit has held that Howard County was immune from a TTCA claim. *Forgan*, 494 F.3d at 521. *See also Hale v. Sheikholeslam*, 724 F.2d 1205, 1210 (5th Cir. 1984) (holding that county hospital could not be liable because it did not waive its state tort immunity); *Thompson v. Watson*, 1999 WL 184115, at *7 (N.D. Tex. 1999) (granting summary judgment for the county because it did not waive state law tort immunity).

that the County's conduct "created a condition of the jail in which TB germs (among others) are exhaled by large numbers of infected, unscreened inmates who are housed with the general population; the germs aerosolize and are suspended in the air–throughout the jail–possibly for hours after an infected person has left the room; and ultimately the germs are inhaled by inmates, staff and others at the jail, resulting in TB spread both within the jail and the community at large." (*Id.*). As for *use* of property, Kundra claims that the County used the jail "to detain Kundra, housing him with at least one sick inmate who was coughing up blood and exhibiting symptoms of TB" and to detain Kundra "without implementing reasonable infection-control practices-such as adequate screening, treatment, and management of TB and other communicable diseases." (*Id.* at 6-7).

The Texas Court of Appeals addressed a factually similar situation in *Sykes* and found no waiver of immunity. *Sykes v. Harris County*, 89 S.W.3d 661 (Tex. App.-Houston [1st Dist.] 2002), *rev'd on other grounds*, 136 S.W.3d 635 (Tex. 2004). In *Sykes*, the plaintiff alleged that the County (1) failed "to ensure that [an inmate with tuberculosis] would not render the other inmates exposed to tuberculosis;" (2) failed "to ensure that [the inmate with tuberculosis] was housed in a room not within the immediate vicinity of Plaintiff;" and (3) provided "a sleeping space for Plaintiff . . . next to an inmate exposed to tuberculosis, with knowledge of that exposure." *Id.* at 667 n. 7. While in jail, the plaintiff's test results showed that he had been exposed to tuberculosis. *Id.* at 664. The court explained that "[p]roperty does not cause injury if it does no more than furnish the condition that makes the injury possible." *Id.* at 667 (citing *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998); *Scott v. Prairie View A & M Univ.*, 7 S.W.3d 717, 719-20 (Tex. App.-Houston [1st Dist] 1999, pet denied)). The court concluded that "any effect that the room's walls and Syke's bed had on Sykes's alleged exposure to tuberculosis is too attenuated to

constitute a waiver of immunity under the TTCA." *Id.*

The Court finds that this case is indistinguishable from *Sykes*; therefore, the County has not waived its immunity under the TTCA. Accordingly, the County's motion for summary judgment on Kundra's state law negligence claim is **GRANTED.**

For the foregoing reasons, the Court **ADOPTS** the findings, conclusions, and recommendations of the United States Magistrate Judge with respect to the issues of exhaustion of administrative remedies, objections to the summary judgment record, and the Defendant's Eighth Amendment claims. The Court **DECLINES to ADOPT** the findings, conclusions, and recommendations with respect to the Plaintiff's state law negligence claim. Accordingly Defendant's Motion for Summary Judgment with respect to Kundra's federal law claims is **DENIED.** Defendant's Motion for Summary Judgment with respect to Kundra's state law negligence claim is **GRANTED.**

SO ORDERED.

SIGNED January 31, 2008

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**