UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCIS TEJANI KUNDRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-0684-B |
| | § | |
| DALLAS COUNTY, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Application for the Exception Writ of Mandamus to Stay the Final Ruling Pending an External Investigation Within this Circuit (doc. 170), filed *pro se*. For the reasons that follow, the Court is of the opinion that the application should be and hereby is **DENIED**.

Plaintiff Francis Tejani Kundra (hereinafter, "Kundra") initiated this action on April 17, 2006. In short, Kundra brought suit against Dallas County, the Dallas County Jail, and Lupe Valdez, the Dallas County sheriff, under the Civil Rights Act, for the alleged violation of Kundra's constitutional rights. After a bench trial, Kundra's action was dismissed on the merits. Shortly thereafter, Kundra filed the instant application, seeking mandamus relief pursuant to the Mandamus Act, 28 U.S.C. § 1361. Specifically, the application requests the Court to order an unnamed entity to conduct an ethics investigation of the Fifth Circuit Untied States Court of Appeals.

The Federal Rules of Civil Procedure, in large part, abolished the common law writ of mandamus in the United States District Courts. *See* FED. R. CIV. P. 81(b) ("The writs of scire facias and mandamus are abolished."); 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND

PROCEDURE § 3134 (2d ed. 1997). However, the Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To establish jurisdiction and an entitlement to relief under the Mandamus Act, the movant must satisfy three elements: "(1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available." *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980) (citing *Winningham v. United States Dep't of Housing and Urban Development*, 512 F.2d 617, 620-21 (5th Cir. 1975)); *Dawoud v. Dep't of Homeland Security*, 2007 WL 4547863, at *7 (N.D.Tex. Dec. 26, 2007). Finally, it is well established that "[m]andamus may only be invoked in extraordinary situations." *Dawoud*, 2007 WL 4547863, at *7 (citing *Allied Chem. Corp. V. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).

Kundra's application falls far short of the foregoing standards. He entirely fails to point to any source entitling him to the extraordinary relief he seeks. Even were Kundra entitled to such relief, he fails to specify who in this instance bears the *clear* duty to conduct such a comprehensive circuit-wide ethics investigation. This flaw is fatal because the Mandamus Act only vests district courts with the power to issue a writ of mandamus against an officer or employee of the United States. For these reasons, Kundra's application for a writ of mandamus (doc. 170) is **DENIED**.

**SO ORDERED**.

**SIGNED January 7, 2009.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE